CHARLES N. WILT ET UX V. W. H. KELLOGG.

No. 7227. Decided January 4, 1939.
Rehearing overruled February 1, 1939.
(122 S. W., 2d Series, 1051.)

*Kelley, Looney & Norvell,* of Edinburg, for plaintiffs in error.

Testimony having been offered to show that the agreement was entered into by both parties it was error for the trial court to disregard the verdict of the jury and grant a judgment for the plaintiff. Stevens v. Karr, 119 Texas 479, 33 S. W. (2d) 725; Thomas v. Postal Tel. Cable Co., 65 S. W. (2d) 282; Crawford v. Creel, 62 S. W. (2d) 294.

*Griffin & Kimbrough,* of McAllen, for defendant in error.

The finding of the jury having no support in evidence, the trial court properly disregarded said finding and did not err in rendering judgment for plaintiff. Sproles v. Rosen, 47 S. W. (2d) 331, Id. 126 Texas 51, 84 S. W. (2d) 1001; Traders & Gen. Ins. Co. v. Milliken, 110 S. W. (2d) 108; National Ind. Co. v. Cherry, 110 S. W. (2d) 115.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On June 28, 1929, W. H. Kellogg, herein referred to as plaintiff, executed and delivered to Charles N. Wilt a deed of conveyance to a tract of 44.12 acres of land in Hidalgo County, Texas. As a part of the consideration for this conveyance, Wilt and wife executed and delivered to plaintiff one note in the sum of $3000, payable on or before five years after date, with interest at the rate of 6 per cent per annum, payable annually. Said note provided for attorney's fees, for lien upon the land mentioned, and for option of declaring same payable upon default in payment of any installment of interest. The deed recited the execution of said note, and its terms, and retained a vendor's lien to secure same.

Only one installment of interest was ever paid upon the note mentioned, and Wilt failed to pay taxes upon the land, as he was obligated to do. Long after default, plaintiff instituted this suit in the District Court of Hidalgo County against Wilt and wife, who will hereinafter be designated defendants. Plaintiff's petition was in two counts. The first was an action in trespass to try title. The second count sought a recovery on the note, with foreclosure of the vendor's lien retained in same and also retained in the deed of conveyance.

In response to the suit for foreclosure· of lien, the defendants, among other things, specially pleaded substantially as follows: That the note and obligation sued on by the plaintiff had been fully paid off and discharged, in that during the month of December, 1931, the plaintiff and the defendant Charles N. Wilt entered into an agreement whereby the said Wilt agreed to plant citrus trees on the north 22 acres of said land and care for the same for a period of two years, and further agreed to reconvey to the plaintiff the north half of said tract of land; that the plaintiff agreed that in consideration of having said north 22 acres set in citrus trees, he would cancel the debt and release the south 22 acres to defendant, free and clear of the lien. Defendants further alleged that they planted said north 22 acres in citrus trees and cared for the same for a period of over two years, under said agreement; that they had in all things complied with said contract, and were willing to reconvey the north 22 acres of said lot to the plaintiff, and prayed that title to the south 22 acres of the lot be vested in defendants, free and clear of all claims of the defendant.

In reply to this defense, plaintiff pleaded the statute of frauds, as well as general denial. The trial court submitted but one issue to the jury, which was as follows:

"Do you believe and find from a preponderance of the evidence that in December, 1931, plaintiff and defendant, Charles N. Wilt, orally agreed that said defendant should set the north 22 acres, or the north half of the land in controversy to citrus trees, care for same for two years and reconvey said north half of said land to plaintiff, and that as consideration for the setting of said trees, said orchard care, and said reconveyance of said north 22 acres, or the north half of said land, plaintiff would release all liens and claims he held upon the south 22 acres, or the south half of the land in controversy, and grant to the defendant, Charles N. Wilt, the privilege of farming the land between the trees on the north half of said land?"

To this question the jury answered "yes." The defendants filed motion for judgment upon this finding. The plaintiff filed an elaborate motion, seeking to set aside the finding, and requesting the Court to enter judgment in his favor. The Court, after hearing and argument, set aside the finding of the jury to said special issue, because without evidence to support it, and entered judgment in favor of plaintiff for the amount of the note, principal, interest and attorney's fees, and ordered foreclosure of the vendor's lien upon the entire 44.12 acres of land. Defendants appealed to the Court of Civil Appeals, their principal contention being that the trial court erred in setting aside the finding of the jury to said special issue and in entering judgment in favor of plaintiff, notwithstanding said finding. The Court of Civil Appeals affirmed the judgment of the trial court upon the ground that the alleged agreement, which the jury found was an oral one, was in contravention of the statute of frauds; and held that the trial court properly entered judgment for plaintiff, notwithstanding said finding. 99 S. W. (2d) 664. Writ of error was granted upon the holding involving the statute of frauds.

We do not find it necessary to discuss that question. Neither do we find it necessary to determine whether or not the trial court erred in setting aside the finding of the jury. We remark, however, that we have carefully considered the entire statement of facts, and it appears to be extremely doubtful whether the minds of the parties ever met upon the particulars of the agreement which the jury found was made. However, the finding of the jury alone that the agreement was made was not sufficient to support defendants' defense. There was no finding that the agreement was ever performed by defendants. The defendants did not request the submission of any issue upon that point. On the contrary, they requested findings of fact by the trial court, and in support of his action in entering the judgment the trial judge filed such findings. Among said findings are the following:

"That during the negotiations between the plaintiff and the defendant, C. N. Wilt, for the advancement of said $3,000.00 to Wilt, Wilt promised Kellogg that he would set the land to be conveyed by Kellogg to Wilt to citrus trees, and soon after the consummation of said exchange of properties and the delivery of the deed from plaintiff to defendants, conveying the property in controversy in this suit, Wilt set out a citrus nursery on said land on some sort of arrangement with one L. L. Davis, by which Wilt and Davis were each to have a

part of said citrus trees raised in said nursery; and that Wilt's part and some of Davis' part of said trees were subsequently set by defendant Wilt on the land in controversy, both the North 1/2 and part of the South 1/2 thereof.

"That said citrus trees were set out on the land by Wilt either in pursuance of his original promise made during the negotiotions for the $3,000.00, to set the land in citrus trees, or in an effort to sell or trade said land to a third party, or in pursuance of both said promise and said effort to sell or trade the land to a third party; and in any event not in pursuance of an agreement between Kellogg and Wilt by which Wilt agreed to plant citrus trees on the North 1/2 of said land and care for same for two years and have the privilege of farming said North 1/2 of said land during said time and convey his interest in said North 1/2 of the land to Kellogg in consideration of Kellogg's releasing to Wilt all liens and claims which he held against the South 1/2 of said land."

These findings of the Court were in no manner attacked in the Court of Civil Appeals. They negative the idea of a performance of the agreement found by the jury. There was no proposition submitted in the Court of Civil Appeals suggesting that the undisputed evidence showed that defendants had performed the agreement, or suggesting that an issue of fact was raised by the evidence as to performance by defendants.

We repeat that we have read the entire statement of facts, and are of the opinion that there was ample evidence to support the findings of the trial court quoted above; in fact there appears to be no substantial evidence to the contrary. It seems self-evident that defendants could not defeat the obligation of their note, and the foreclosure of the lien, without showing at least a substantial performance of the alleged agreement; even conceding that it was not within the statute of frauds.

For the reasons stated herein the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court January 4, 1939.

Rehearing overruled February 1, 1939.