**RODRIGUEZ v. HIGGINBOTHAM–BAIL-
EY–LOGAN CO.**

No. 10729.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 2, 1940.

Rehearing Denied Nov. 27, 1940.

Dissenting Opinion Nov. 27, 1940.

994

Gordon Griffin, of McAllen, for appellant.

Read, Lowrance & Bates, of Dallas, and L. J. Polk, of Pharr, for appellee.

NORVELL, Justice.

R. C. Rodriguez, a well-known traveling salesman, and Higginbotham-Bailey-Logan Company, a Dallas wholesale dry goods corporation, will be referred to as plaintiff and defendant, respectively, as in the trial court.

For twelve years prior to December, 1932, plaintiff was a traveling salesman in the Rio Grande Valley for Perkins Dry Goods Company. When that concern ceased business at the end of that period plaintiff was employed as general salesman in the same territory by defendant. His pay consisted of certain commissions on sales made directly by him, as well as on sales made by certain other salesmen in his territory. He was allowed a drawing account of $75 every two weeks, which was charged to his commission earnings. At the end of each year the balance of his commissions was paid to him in a lump sum, which the parties called his "bonus."

This arrangement continued satisfactorily until November 19, 1934, when plaintiff was injury in an automobile accident, and was confined to hospitals and in his home for two years, and never actively resumed his work.

At the date of plaintiff's injury defendant owed him accrued commissions amounting to $1,335.91, and after his injury defendant continued, as before, to remit to plaintiff every two weeks the amount of his drawing allowance, $75, until $1,050 had been paid him. This left a balance of $285, which was paid to plaintiff in one check, at his request.

Now plaintiff contends, and based this suit upon the contention, that shortly following his injury and resulting disability defendant agreed, through E. L. Blanchard, its sales manager, to continue to pay plaintiff the agreed commissions on all sales made by defendant in that territory during the period of plaintiff's disability, just as if he had been all the while actively engaged in the field; that Blanchard was duly authorized to make the agreement; that defendant company had ratified the same, and was also estopped to deny its liability upon the contract. It is conceded that if this contention is correct, then plaintiff earned net commissions amounting to $273.04 in the year 1935, $1,173.43 in 1936, and $1,495.05 in 1937, for all of which he sued.

The defendant under oath denied that Blanchard, the agent, was authorized to make the alleged agreement and by proper pleadings put in issue the questions of ratification and estoppel.

Trial was to a jury which found that Blanchard had in fact made the alleged agreement with plaintiff.

The issues of Blanchard's authority and the defendant's alleged ratification of the agreement and the matter of estoppel were not submitted to the jury, and no request was made for the submission of these issues.

The trial court upon defendant's motion rendered judgment non obstante veredicto, denying any recovery to plaintiff, Rodriguez, who has appealed.

By his assignments of error, plaintiff asserts that this case must be reversed as the trial court erred in its holdings upon the issues of the agent's authority, ratification and estoppel. In connection with these assignments, we have examined the evidence and come to the conclusion that it was sufficient to support a finding that Blanchard was authorized to make the contract and also that the defendant company ratified the agreement.

There appears to be no evidence which would support plaintiff's plea of estoppel.

The trial court's holdings that there was no evidence of authority or ratification are not justified as the evidence as to these issues was conflicting in that a fact finding either way on both issues would be supported by the evidence. As the determination of these issues presented a question of fact and not of law, a judgment non obstante veredicto can not be sustained as the case was not one in which it would have been proper to give an instructed verdict. This holding does not, however, necessitate a reversal of the judgment, for as said by Judge Critz in Hopper v. Tancil,

Tex.Com.App., 3 S.W.2d 67, 71: "If the action of the trial court in withdrawing the case from the jury and entering judgment for Kleas was correct upon any theory, such judgment should be affirmed, whatever reason was assigned therefor, or whether any reason was assigned therefor. Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 239 S.W. 185, and Associated Oil Co. v. Hart (Tex.Com.App.) 277 S.W. 1043."

◼ The holding of the trial court in this case that there was no evidence of authorization or ratification in the case necessarily embraces a finding that the evidence was insufficient to establish by a preponderance of the evidence that the agent was authorized to make the contract or that the company had ratified the agreement. Marshburn v. Stewart, 113 Tex. 507, 254 S. W. 942, 260 S.W. 565; Wallace v. Southern Cotton-Oil Co., 91 Tex. 18, 22, 40 S.W. 399.

We have therefore presented the question of the proper judgment to be entered upon the following findings: (1) (By the jury) the alleged agreement was entered into between Rodriguez and the agent, Blanchard; (2) (by the trial court) the agent, Blanchard, was not authorized to make the agreement; and (3) (by the trial court) the defendant company did not ratify the agreement. If it be conceded that, under the facts of this case, the trial court was authorized to make the two findings above set out, there is no doubt that a judgment that plaintiff take nothing was proper. Such a judgment would not be a judgment notwithstanding the verdict, but one in keeping with and based upon findings by the jury and by the trial court.

The question of whether or not we are authorized in considering the findings of the trial court above set out in determining the proper judgment to be rendered, calls for an examination of Articles 2190 and 2211, Vernon's Ann.Civ.Statutes.

Article 2211 reads in part as follows: "The judgments of the Court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. * * *"

◼ The part of the article above quoted was adopted as part of the Acts of 1846. At that time and long thereafter, the general jury verdict was used in the trial of civil cases. A proper construction of the words "The judgments of the Court shall conform to * * * the verdict" when applied to a verdict of special issues is that by the term "verdict" as used in the statute is meant one or more findings upon special issues which are in themselves sufficient to support a judgment. In this case the jury's answer to the special issue submitted is an incomplete verdict, in that it does not purport to cover the issues presented by plaintiff's pleading, and contains no findings upon the issues of authority of the agent, or ratification by the defendant company which were pleaded by plaintiff and placed in issue by the denial of the defendant. We think it obvious that it was not the ministerial duty of the trial court to enter judgment for plaintiff upon this incomplete jury verdict, and it was not fundamental error (as suggested by plaintiff) for the trial court to refuse to do so. It seems obvious that a party can not demand a jury submission of only a part of his cause of action, presumedly that part upon which his evidence is strongest, and then insist that he have judgment.

◼ Article 2190, supra (copied in the margin) [1], has been the subject of many opinions of the appellate courts of this State. In Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, 85, Mr. Justice Sharp, speaking for the Supreme Court, reviews various prior opinions of that court dealing with the article and states certain rules which are applicable here, namely:

1. "Where the court fails to submit a separate or independent ground of recovery

---

[1] "Art. 2190. * * * Submission of issues

"When the Court submits a case upon special issues, he shall submit all the issues made by the pleading and evidence. Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or Writ of Error, an issue not submitted and not requested is deemed as found by the Court in such manner as to support the judgment if there is evidence to sustain such finding. A claim that the evidence was insufficient to warrant the submission of any issue may be complained of for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party." As amended Acts 1931, 42nd Leg. p. 120, ch. 78, § 1.

or defense, and there is no request to submit the issue or issues omitted, such issue or issues are waived, and no waiver can be imputed to the other party for such failure."

2. Where the court submits one or more issues to the jury, but does not submit other issues which are necessary to support a judgment based upon the ground of recovery or theory under which the submitted issues were given, and no request is made for such submission, the trial court is authorized to determine such unsubmitted issues from the evidence.

As we understand the Pepper case, it approves the following statement from Moore v. Pierson, 100 Tex. 113, 94 S.W. 1132, 1134: "The consequence must necessarily be that when the trial court has expressly submitted some issues and excluded others, and neither party has put in writing a request for the submission of those excluded, they must be regarded in the appellate court as having acquiesced in such action and consented for the trial judge to determine from the evidence the issue not submitted. It is only by a written request that the party puts on record his dissent from the action of the court and his insistence upon the right to have the jury, rather than the judge, decide the point at issue."

The Pepper case does, however, on the authority of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084, restrict the above rule as to the power of the trial court to determine issues not submitted, to those issues which do not constitute a separate ground of recovery or defense.

In applying the rules of the Pepper case to the case at bar, we hold that the unsubmitted issues, that of the authority of the agent, and ratification of the agreement by the defendant company, were not issues constituting a separate or independent ground of recovery. These issues related to the one ground of recovery urged by plaintiff, i. e., the existence of a valid agreement between him and the defendant company. This being true, the plaintiff by not requesting a submission of these issues, consented that these issues should be determined by the trial court.

Our position here is also supported by the case of Nixon v. Hirschi, 134 Tex. 415, 136 S.W.2d 583. In 18 Texas Law Review, this case is discussed by Preston Shirley, former Professor of Law at the University of Texas, and it is therein pointed out that the usual situation presented in the decisions is that in which a judgment has been entered in favor of the party in whose favor the jury answered the submitted issue, nevertheless, "there is nothing in Article 2190 requiring that the omitted issue be found by the trial court, or be presumed on appeal to have been found by the trial court, in favor of the party for whom the jury answers the submitted issue or issues." 18 Tex.Law Review 452. See, also, Wilt v. Kellogg, 132 Tex. 345, 122 S. W.2d 1051.

We therefore hold that as the issue submitted was incomplete as a verdict upon which a judgment for plaintiff could be based under the pleading, the plaintiff by failing to request the submission of further issues, in effect, consented for the trial judge to determine all other fact issues raised by the evidence. As the holding of the trial judge that there was no evidence supporting plaintiff's theories of authorization and ratification embraced findings upon the preponderance of the evidence adverse to plaintiff's contentions upon such issues, the judgment appealed from will be affirmed.

SMITH, Chief Justice (dissenting).

I regret that I cannot concur in the majority opinion, or in affirmance of the judgment. I will undertake to briefly state the reasons for my dissent.

The cause was submitted to a jury on one special issue, to-wit: "Do you find from a preponderance of the evidence that E. L. Blanchard in the McAllen hospital during the month of December, 1934, in substance and effect promised and agreed to and with the plaintiff Rodriguez that during such time as Rodriguez should be unable to return to active employment as salesman for Higginbotham-Bailey-Logan Company the said company would pay or credit to the said Rodriguez commissions on goods shipped by said company to customers in the territory served by said Rodriguez as salesman prior to his injury on the same basis on which commissions had been paid or credited to said Rodriguez on sales theretofore made in said territory prior to his injury?"

The jury answered the question, "Yes." No other issues were requested. In connection with the jury finding it was stipulated by the parties that if said agreement was binding upon defendant then plaintiff was entitled to recover an aggregate sum of $2,941.52.

Upon defendant's motion the court rendered judgment non obstante veredicto, denying any recovery to plaintiff, Rodriguez.

Defendant moved for a directed verdict in its favor at the close of plaintiff's evidence, and again at the close of defendant's evidence, but the trial judge overruled both motions, and submitted the case on the quoted special issue, thereby holding throughout the trial and until after verdict, that the case was one for the jury.

Defendant's motion for judgment non obstante veredicto was based upon the grounds that "a directed verdict in favor of this defendant was the only proper verdict that should have been rendered and the court erred in refusing to direct such verdict when timely requested to direct such verdict at the close of the evidence by the plaintiff and again at the end of the evidence of both parties," and for the further "reason that the answer of the jury to such issue has no support in the evidence; and for the further reason that the answer of the jury to the question submitted to it by the court can have no legal effect on the proper determination of the lawsuit and should not have been submitted."

Plaintiff filed a full motion for new trial, properly challenging the rulings of the court upon defendant's motion for judgment non obstante veredicto, and attacking the resulting judgment.

Defendant challenges plaintiff's right in this court to complain of the judgment, upon the ground that plaintiff did not elicit or request a jury finding that the agent, Blanchard, had authority to bind defendant upon the contract established by the sole jury finding. In support of this contention defendant propounds the proposition that the issue of authority was "an essential issue to be found in favor of plaintiff, before any recovery could be had" by him, and that in the absence of a jury finding thereon in this jury case the trial judge was "without power to find such issue in appellant's favor," and, therefore, that the court properly rendered judgment for defendant. In my opinion there is no merit in these contentions.

The only authority given a trial judge to render judgment non obstante veredicto is that provided by statute, and it must be exercised in strict observance of that provision, since it is in derogation of the constitutional right of trial by jury. The language of the statute is that "the Court may render judgment *non obstante veredicto if a directed verdict would have been proper.*" (Italics mine.) Art. 2211, R.S.1925, as amended by the Act of 1931, 42d Leg. p. 119, Ch. 77, sec. 1, Vernon's Ann.Civ.St. art. 2211.

A trial judge may direct a verdict in a jury case only "whenever there is no evidence to support a material issue, whenever the jury can come to no other correct conclusion, whenever the evidence is all on one side and sufficient to support such verdict, or whenever there is only a pure question of law." 41 Tex.Jur. p. 935, sec. 166. I have carefully examined the record and have reached the conclusion that it does not bring this case within either of the classes in which a directed verdict is proper.

Plaintiff pleaded a lawful contract, made by an agent clothed with actual or apparent or implied authority to bind defendant, while acting within the scope of his employment. He pleaded that, whether the agent was authorized or not, defendant had ratified his acts in making the contract, and, having materially profited by plaintiff's performance thereunder, waived its right and was estopped to deny its binding effect. It cannot be contended that plaintiff did not adduce material evidence to support his pleadings in the matters mentioned.

The question recurs, then, to the propriety of the judgment rendered in the face of and notwithstanding the verdict. The alleged contract constituted the very foundation of plaintiff's cause of action, and the question of whether the contract was actually made constituted the ultimate issue of the case, in connection with the amount of damages, which was stipulated by the parties. The jury found, upon sufficient evidence, that the contract was made by the admitted general sales manager or agent of defendant, and this finding with the stipulation for damages, made a case for plaintiff, and prohibited judgment for defendant. The remaining issues, of the authority of the agent, ratification, waiver, estoppel and the like, were subsidiary to the basic issue, and while the trial judge had authority to find upon those issues so as to support a judgment in favor of plaintiff based upon the jury finding and stipulation (Wichita Falls & O. Ry. v. Pepper, 134 Tex. 360, 135 S.W.2d 79), surely he was without authority to find, and it will not be presumed that he did find, upon those subsidiary issues so as to authorize a judgment for defendant *based upon no jury finding*

*in its behalf upon the basic issue, and in the face of and notwithstanding an affirmative finding thereon in favor of the plaintiff, upon conflicting evidence.* Williams v. Ins. Ass'n., Tex.Civ.App., 135 S.W.2d 262.

On the other hand, defendant pleaded the defense of accord and satisfaction. The evidence was conflicting upon that issue, however, and therefore the trial judge had no authority to find, and we cannot presume that he did find, upon that basic issue so as to support the judgment for defendant under the evidence. It was the plain duty of the trial judge to submit that issue to the jury, but when he failed to perform that duty and submit the issue the burden shifted to defendant to request its submission. Defendant made no such request, however, and thereby waived his defense. Wichita. Falls & O. Ry. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

Defendant also contends, in urging affirmance, that the contract established by the jury finding lacked mutuality and was without consideration, but we cannot say that these contentions are established by the record, as a matter of law. We can say, only, that the court erred in nullifying the finding of the jury, upon sufficient evidence, that the contract sued on was entered into by and between plaintiff and defendant's general sales agent, and in rendering judgment for defendant upon all other issues in the face of conflicting evidence.

Summarizing, the case presented is this: Plaintiff's cause of action was founded upon the allegation that defendant corporation employed plaintiff and agreed to pay him certain compensation for his services, and that under that agreement plaintiff earned and was entitled to recover certain sums. That was plaintiff's case. Of course, there were subsidiary questions, such as the authority of defendant's admitted agent to make the contract for defendant; ratification, waiver and estoppel. But the foundation of the case was the alleged (1) contract of employment and (2) the amount earned by plaintiff thereunder.

Now the jury found that (1) the contract was in fact made by defendant, through its general sales agent, and the parties stipulated (2) the amount earned by plaintiff under that agreement, if valid. Undoubtedly these two essential, and sufficient, facts entitled plaintiff to judgment for the amount stipulated (absent other inconsistent jury findings), and my position is that although the trial judge had the power to find upon the subsidiary issues so as to support judgment in conformity to the jury findings upon the basic issues, he was without authority to nullify those findings upon the basic issues and in direct contravention thereof render judgment for defendant upon his findings against plaintiff on the purely subsidiary issues, which were not submitted to the jury.

Assume, for the purpose of illustration, that the jury had found, specifically, in favor of plaintiff upon all the issues in the case except, for example, upon waiver, which was not submitted or requested, and the trial judge, concluding that the weight of the evidence was against plaintiff upon that remote subsidiary issue, had assumed to resolve it against plaintiff, and render judgment against him, notwithstanding the jury verdict in his favor on the principal issue.

*I do not think a trial judge is clothed* with power to thus thwart the right of the citizen to a jury trial. The hypothesis is extreme, but it is different only in degree from the case made here, where the jury finding in favor of plaintiff upon the principal ground of recovery, and the stipulation of the amount of plaintiff's damages, made a prima facie case entitling plaintiff to judgment. If in his discretion the trial judge could not render judgment for plaintiff in conformity to the verdict and stipulation, it was his duty to order a mistrial. *I think the judgment should be reversed and the cause remanded.*