**ELLIS v. URESTE et al.**

No. 11099.

Court of Civil Appeals of Texas. San Antonio.

Feb. 4, 1942.

Rehearing Denied March 4, 1942.

C. C. Carsner, of Victoria, for appellant.

J. W. Ragsdale, of Victoria, for appellees.

MURRAY, Justice.

This suit was instituted in the District Court of Victoria County by W. L. Ellis against Samuel Ureste and his mother, Mary Ureste, to set aside as fraudulent a deed from Samuel Ureste to Mary Ureste, purporting to convey a one-twelfth interest in and to 218 acres of land located in Victoria County.

The trial was before the court without the intervention of a jury and resulted in judgment that plaintiff, W. L. Ellis, take nothing. From this judgment W. L. Ellis has prosecuted this appeal.

Appellant first contends that the court erred in finding that there was no evidence of any attempt to defraud creditors.

The trial judge's finding of fact No. 8 reads as follows: "I find that there is no evidence of any attempt to defraud creditors, and particularly to defraud this plaintiff by said conveyance."

A finding by the trial judge, where he is the trier of facts, that there is no evidence of any attempt to defraud creditors by the conveyance under attack, necessarily embraces a finding that the evidence was insufficient to establish by a preponderance thereof that such fraud did exist. Rodriguez Higginbotham-Bailey-Logan Co., Tex. Civ.App., 144 S.W.2d 993, and authorities there cited. The burden of proof was upon appellant to establish by a preponderance of the evidence that the conveyance was actuated by fraud. 20 Tex.Jur. p. 496, § 143.

The trial judge being the trier of facts and having found against appellant on all fact issues, it is immaterial to this appeal whether or not there was some evidence of fraud. 20 Tex.Jur. p. 528, § 176. Appellant could not complain unless fraud was shown as a matter of law, or the findings of the trial judge were so against the great weight and preponderance of the evidence as to show prejudice. The trial judge made a negative finding on the issue of fraud, and such a finding is not required to be supported by evidence when the burden of proof is upon the losing party. It simply means that the court docs not find, from a preponderance of the evidence, that there was fraud.

The trial judge found, among other things, in substance, that Samuel Ureste was indebted to his mother, Mary Ureste, in an amount exceeding $500; that he conveyed his one-twelfth interest in 218 acres of land to his mother in payment of a portion of this debt; that Samuel's one-twelfth interest in the land had a value of

between $500 and $600. It is not contended that the evidence is insufficient to sustain these findings. These findings alone would support the judgment rendered.

The judgment is affirmed.