## LANDIS MACH. CO. v. TULL.

### No. 10917.

Court of Civil Appeals of Texas. San Antonio.

March 5, 1941.

Rehearing Denied April 2, 1941.

Percy C. Fewell, of Dallas, for appellant.

Lloyd & Lloyd and Paul Worden, all of Alice, for appellee.

MURRAY, Justice.

This suit was instituted by N. E. Tull, in the District Court of Duval County, against Landis Machine Company, seeking to recover damages alleged to have been sustained by him as the result of a certain Landis Stitcher Machine, which he had contracted to purchase from the company, not being as represented to him by the agent of the company. He alleged that the company represented to him, through its agent, that the stitching machine "would give good and dependable service to the satisfaction of the plaintiff, that it would sew without breaking thread, and that it would perform in a satisfactory and workmanlike manner all reasonable manner of shoe repair stitching incident to the character of work done by the plaintiff in his business of repairing shoes." Plaintiff alleged that he relied upon such warranties, as the company intended he should, and was thereby induced to enter into the purchase contract for the machine, for a total consideration of more than $600. Plaintiff signed a number of notes covering the agreed purchase price. He further alleges there is outstanding and unpaid the total principal sum of $440 of this indebtedness.

Plaintiff asked that the sales contract be cancelled, that the outstanding notes be likewise cancelled, and that he have judgment for his damages in the sum of $1500. The defendant answered by a general demurrer and general denial.

The cause was submitted to a jury who made the following findings:

1. The machine was sold by the company and purchased by Tull as a result of representations made by the salesman, Glower.

2. The agent, Glower, represented to Tull (a) the machine would sew without breaking thread; (b) the machine would perform in a satisfactory and workmanlike manner all repair stitching incident to Tull's work; (c) the machine would give good and dependable service.

3. Such representations were false.

4. Tull believed such representations to be true.

5. Tull would not have purchased the machine but for such representations.

6. Tull was damaged in the sum of $1,-500.

Tull was given judgment against the company in the sum of $1,500, from which

judgment the Landis Machine Company has prosecuted this appeal.

Appellant first contends that the evidence was insufficient to show that Glower was its agent at the time the fraudulent representations were alleged to have been made. The only evidence of Glower's agency was the testimony of appellee.

Appellee testified, in substance, that he had been engaged in the shoe repair business in the town of Freer, Duval County, Texas, for about four years. He had been in the business of making boots and repairing shoes for some fifteen years. He had a transaction with the Landis Machine Company, or with a Mr. Glower. "When Mr. Glower came along, I had been, wanting to buy a Landis Machine; and he came along, he was bringing me supplies at that time; and along about that time there was something said about a machine, and I was thinking about getting one of these little— I do not know the name; I do not recall what the name of it is—anyway, you turn it by hand and it did not cost but about One Hundred and Seventy-five ($175.00) Dollars. At that time I wasn't just so I could buy a larger machine but I would like to be so I could, so Mr. Glower said he would get me fixed up on this machine; and we got together on it and he went ahead and got my order in; the next thing I knew I had a letter from the Landis Machine Company saying that the machine would be there. Mr. Glower, of course, understood the machine; Mr. Glower understood that the machine, of course, was a new machine to me, I had not operated one with a curved needle but I had operated one with a straight needle."

On cross-examination appellee testified as follows:

"Q. You said something about Mr. Glower? A. Yes.

"Q. Mr. S. H. Glower was the agent for some other shoe supply house; he never worked—that is, Mr. Glower never worked for the Landis Machine Company? A. Absolutely not—

"Q. (Interrupting) In other words, you know that Mr. Glower— A. (Interrupting) Wait a minute now; let's get straight on this; I do not know whether he was working for the Landis Machine Company or not but he has taken my order and sent it in.

"Q. Answer my question and don't ask me questions— A. (Witness interrupting and continuing to talk) He taken my order and sent it in and I don't know whether you would call that working for the Landis Machine Company or not. Do you say he was working for the Landis Machine Company or not?

"Q. Well, I just want you to answer my question and don't ask me questions. * * *

"Q. Mr. Glower was working for the Frank-Strauss Company? A. S. H. Glower was working for the Franki-Strauss Company.

"Q. He was selling you shoe supplies? A. He was selling me supplies.

"Q. Did he or did he not tell you about a stitching machine, that he could tell you where you could get one, if you wanted it? A. That has been the understanding ever since I got the machine; S. H. Glower taken the order for it and sent it in.

"Q. Mr. Fewell came down and made arrangements to sell you the machine, did he not? A. This Mr. Fewell here?

"Q. Yes. A. No.

"Q. He never came down to see you at all? A. He just came down and installed the machine.

"Q. Mr. Fewell just came down and installed the machine? A. That is correct."

This is all the testimony as to Glower being the agent of Landis Machine Company. This evidence is absolutely insufficient to support a finding that Glower was the agent of appellant at the time he made the representations about the stitching machine to appellee.

Appellee contends that, inasmuch as the question of agency was not submitted to the jury and no request made to have such question submitted and no exception taken to the failure to submit such a question, the same was waived and that no recovery can be had upon the theory that Glower was the agent of appellant, and cites, as support of this contention, Williamson v. Patterson, Tex.Civ.App., 106 S.W.2d 753. We are inclined to the holding that since the case of Wichita Falls & Oklahoma Railway Company v. Pepper, 134 Tex. 360, 135 S.W.2d 79, by the Supreme Court, in view of the other issues submitted to the jury, the question of agency would be such an issue as might be presumed to have been found by the court in support of the judgment entered, if the evidence was sufficient to support such a finding.

However, as we have determined that the evidence is insufficient to support a finding,

either by the jury or the court, it is not necessary to determine the above matter.

There are other questions raised relating to the measure of damages and the sufficiency of the evidence to support the damages recovered, but in view of the fact that this cause must be reversed and remanded for a new trial we pretermit a discussion of the measure of damages or the sufficiency of the evidence to support the amount of damages recovered.

The judgment will be reversed and, in view of the fact that no motion for an instructed verdict was made in the trial court and the case not having been fully developed, the cause will be remanded for a new trial.

Reversed and remanded.