## SMITH et al. v. BOWEN.

### No. 3799.

Court of Civil Appeals of Texas. Beaumont.

April 3, 1941.

On Rehearing April 30, 1941.

Minton & Minton, of Hemphill, for appellants.

Synnott & Smith, of Jasper, for appellee.

WALKER, Chief Justice.

This was an action by appellee, Betty Bowen, against G. D. Cook and appellants, Wilton Smith and Paul E. Toole, for the balance due on an indebtedness primarily due her by Toole and Cook, and to foreclose a chattel mortgage lien executed to secure the payment of this indebtedness. The case was tried to a jury. The court entered judgment "on the verdict and the undisputed evidence" for appellee against Smith and Cook for the sum of $1,195.39, and against all three defendants foreclosing her chattel mortgage lien against the mortgaged property as described in her petition.

No issue on Toole's liability to appellee and of the validity of the mortgage was submitted to the jury, but judgment was correctly rendered for appellee against him "on the undisputed evidence."

The judgment against appellant Smith must be reversed on fundamental error. Having pleaded her cause of action against Toole, appellee then pleaded that she contracted with Smith to foreclose her chattel mortgage lien against Toole, and thus having secured the title to sell him the property for the amount of her indebtedness with the costs of foreclosure. She pleaded further against Smith that he breached this contract by conspiring with

Toole to defeat her rights in the building where the property was situated, and then to secure her property—the Palace Theater in the town of Hemphill, Texas—without paying the amount of her indebtedness; that, through a conspiracy with Toole, Smith accomplished this purpose, and converted her property by taking actual possession of it; that as a consideration to Toole to enter into the conspiracy, Smith promised to save him harmless on appellee's liability against him, and to pay this indebtedness, and that this promise inured to her benefit.

On the issues made by appellee against Smith, the court sent to the jury only the elements of her contract with Smith to take title of the property by foreclosure, to sell the property to him, and his breach of that contract. No element of the conspiracy was sent to the jury. Nor did the court send to the jury the issues of Smith's promise to Toole to save him harmless on appellee's indebtedness against him, nor of his promise to Smith to pay that indebtedness; nor did the court send to the jury any element of the conversion of appellee's property by Smith.

 Clearly appellee could not recover judgment against Smith on her contract to deliver him title to the property, since both by her pleadings and by the evidence she did not foreclose her lien. Her only cause of action against Smith was predicated on the conspiracy, and his promise to Toole to pay her indebtedness against Toole, and the conversion of her property by Smith. These were ultimate, essential issues to appellee's recovery, and were in no sense subordinate to the contract to purchase. Appellee waived the issues on conspiracy by failing to request the court to send them to the jury, and the court had no power to make an independent finding thereon. The Pepper case, Wichita Falls & O. R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

It follows that the judgment of the lower court against Toole should be affirmed, and that the judgment against Smith should be reversed and remanded, and it is accordingly so ordered.

Affirmed in part, and in part reversed and remanded.

### On Rehearing.

We grant appellants' motion "to clarify and correct opinion and judgment of the court." On the undisputed evidence, judg-

ment should not be granted in favor of appellee against Toole, foreclosing the chattel mortgage against "the RCA sound equipment," as described in the pleadings and "the American Seating Company seats."