**CROWN ENGINEERING, a Private Corporation, Appellant,**

v.

**Joe GRISSOM, Jr., Appellee.**

No. 3771.

Court of Civil Appeals of Texas.

Waco.

Jan. 19, 1961.

Rehearing Denied Feb. 16, 1961.

John B. McNamara, Jr., Waco, for appellant.

W. E. Cureton, Waco, for appellee.

McDONALD, Chief Justice.

Crown Engineering Company, as plaintiff, on 26 November, 1957, filed this suit

against Joe Grissom, Jr., as defendant, upon a note and for foreclosure of a chattel mortgage lien upon brickmaking, tilemaking, and related machinery and equipment. Crown Engineering alleged that on 22 February, 1957, it contracted with defendant Grissom to sell him the machinery involved for $9,280 (of which a part was paid down, and monthly payments of $416.-77 were to be payable each month beginning on 1 May, 1957); that defendant defaulted in the payment due 1 June, 1957 and those thereafter. Defendant Grissom filed a general denial, and a cross action in which it was alleged that Crown Engineering had made material false representations which induced Grissom to enter into the contract as follows:

1) That the equipment would make 10 squares of roofing tile per day;

2) That the equipment would make 180 roofing tile from certain specified raw materials;

3) That the local sand had been tested and would make white tile with certain cements;

4) That a factory-trained representative would be stationed in this territory to help Grissom set up the equipment and train personnel in its operation;

5) That the tile and brick that would be made with the equipment had been tested and accepted by FHA and VA;

6) That the equipment was protected by patents;

7) That the tile made by the equipment would reduce fire insurance rates;

8) That Grissom could make 1000 double bricks per day using 1 man;

9) That the bricks to be made would be strong and adequate for building purposes;

10) That understandable and complete instructions would be furnished with the equipment;

11) That roofing tile could be installed and walked on after 3 days without damage.

Grissom further alleged that the above representations were false and untrue, were material, and but for them he would not have entered the purchase contract; and that he was damaged by each and all of the representations; and that he rescinded the purchase contract, tendered back the equipment, and prayed for return of the money he had paid on the purchase contract.

Crown Engineering excepted to Grissom's cross action as a whole, contending that it was incumbent on Grissom, as a constituent part of his action to rescind, to allege that he acted with reasonable promptness in rescinding the sales contract.

The Trial Court overruled such Special Exceptions.

Trial was to a jury which, in answer to Special Issues, found substantially: 1) that Crown made representations; that the machine would make 10 squares of roofing tile per day; that the machine would make 180 roofing tiles from certain raw materials; that the local sand had been tested and would make white tile with the equipment if used with certain cements; that a factory-trained representative would be stationed in the area to help Grissom set up the machinery and give training in its operation; that the use of the tile so made would reduce fire insurance rates; that the machine was protected by patents, and Grissom would not have competition in selling this type of tile; that Grissom could make 1000 double bricks per day, using one man with the machine; that the bricks to be manufactured would be strong and adequate for building purposes; that the roofing tile could be installed after 3 days and walked on without damage. 2) That all of the foregoing representations were statements of fact and not mere opinions, and were false, and that Grissom believed and relied on them, and that such representations were a material inducement to Grissom to enter the purchase contract; 3) that

the failure of the machine to produce the amounts represented was not the result of Grissom's failure to employ competent and efficient employees to operate the machine, or the result of inefficient management of the machine on the part of Grissom; 4) that Grissom purchased the machine in reliance on the representations and not based on his own knowledge, experience and investigation; 5) that Grissom did not rescind the purchase contract within a reasonable time after he discovered the defects in the tile and brick-making machinery.

We quote issues 49 and 50:

Issue 49: "Do you find from a preponderance of the evidence, if any, that Joe Grissom, Jr. did rescind the purchase contract within a reasonable time after he discovered or should have reasonably discovered the defects, if any, in the tile roofing machine?" to which the jury answered: "He did not rescind."

Issue 50: "Do you find from a preponderance of the evidence, if any, that Joe Grissom, Jr. did rescind the purchase contract within a reasonable time after he discovered or should have reasonably discovered the defects, if any, in the brick machine?" to which the jury answered: "He did not rescind."

On the foregoing Special Issue verdict the Trial Court entered judgment that Crown Engineering take nothing; that the purchase contract between Crown and Grissom be rescinded; and that Grissom have judgment for the $5433 paid on the purchase of the machinery.

The Trial Court made certain findings in its judgment as well as additional findings and conclusions.

Crown Engineering appeals, contending:

1) That the Trial Court erred in overruling its exceptions to Grissom's cross action for rescission;

2) That the Trial Court erred in ignoring the answers of the jury that Grissom did not act promptly in rescinding the contract.

We revert to Crown's 1st contention, that the Trial Court erred in overruling its exceptions to Grissom's cross action for rescission of the contract. Crown here contends that it was incumbent on Grissom, as a constituent part of his cross action for rescission, to plead and prove that he acted with reasonable promptness in rescinding the sales contract. Grissom's pleading nowhere alleges that he acted with reasonable promptness to rescind the sales contract upon learning that the representations made by Crown were false. It is our view that the law does not impose upon the party seeking a rescission, the burden of affirmatively pleading and proving that he acted with reasonable promptness. The fact that the party seeking rescission failed to act with reasonable promptness after discovery of the facts, constitutes a *waiver* of his right to a rescission, and is an affirmative defense which must be pleaded and proven by the party asserting same. Rule 94, Texas Rules of Civil Procedure; Andrews v. Powell, Tex. Civ.App., 242 S.W.2d 656, no writ hist.; Hodges v. Cole, Tex.Civ.App., 117 S.W.2d 822, no writ hist.

The Trial Court committed no error in overruling Crown's Special Exceptions.

Crown's 2nd contention is that the Trial Court erred in ignoring the answers of the jury to Special Issues 49 and 50, wherein the jury found that Grissom did not act promptly in rescinding the contract.

The Trial Court submitted to the jury issues inquiring as to whether Crown made certain specific representations, which were found to have been made, found to have been untrue, and found to have been relied on by Grissom, and material inducements to Grissom to enter into the sales contract for the machinery.

In order for Grissom to rescind, he must rescind within a reasonable time after discovery of the true facts, and that if he does not act to rescind within a reasonable time after ascertainment of the falsity of the representations, he waives his otherwise

right to rescind. As pointed out, waiver is an affirmative defense, the burden of establishing which is upon Crown. Crown plead by way of exception that Grissom did not rescind within a reasonable time. While such pleading was ineffective as a defensive pleading of waiver, the Trial Court found that the matters inquired about in Issues 49 and 50 were tried by consent under Rule 67, T.R.C.P. Crown requested and the Trial Court submitted Issues 49 and 50. No objections were leveled by Grissom to the submission of these issues.

The Trial Court entered judgment for Grissom on the verdict. It did not enter judgment non obstante veredicto, nor set Issues 49 and 50 aside. The question therefore becomes one of the construction of the legal effect of the verdict. The Trial Court found that Issues 49 and 50 were supported by the evidence, but construed:

"said issues related entirely to defects in the tile and brick making machinery and did not relate in any way to (Grissom's) Special Issues and the jury's favorable answers thereto pertaining to other material misrepresentations made by (Crown) unrelated to defects in the tile and brick making machinery."

There was no request for findings of fact and conclusions of law. However, in the transcript, we find an instrument designated "Opinion of the Court" and signed by the Court, and in this instrument we find the following recital:

"I do not find any exception to Crown's pleadings, nor to the charge of the jury, or to the evidence on the ground of no pleadings, therefore it is the opinion of the court that issues 49 and 50 were tried by consent and that they are determinative of the fact issues to which they relate, namely defects in the tile and brick making machinery."

Issues 49 and 50 are controlling ultimate issues relating to waiver of the right to

rescind for the representations to which they relate, namely, *defects in the tile and brick-making machinery.* Crown's representations: 1) that the machine would make 10 squares of roofing per day; 2) that the machine would make 180 roofing tiles from certain raw material; 3) that white tile could be made with the local sand; 4) that 1000 double bricks per day could be made; 5) that the bricks would be strong and adequate for building purposes; 6) that the roofing tile could be installed and walked on after 3 days without damage; we think, all relate to the quantity or quality of materials to be produced, and that Issues 49 and 50 in referring to defects in the machinery, in the absence of objections or exceptions to them, constituted proper and adequate ultimate submission of the controlling matters inquired about as to the waiver by Grissom of his right to rescind because of such representations. See Rule 279, T.R.C.P.; Wichita Falls & O. R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, 85, pt. 8.

The jury further found that Crown made representations that: 1) the machine was protected by patents and Grissom would be protected in his franchise, and would not have competition in selling this type of tile; 2) that use of the tile so made would reduce fire insurance rates; 3) that a factory-trained representative would be stationed in the area to help set the machinery up and give training in its operation. (The jury found that such representations were false, were relied on by Grissom, etc.)

After careful consideration, we think the foregoing representations are unrelated to the performance by the machinery, and unrelated to defects in the machinery. Such being the case, the burden was upon Crown, under Rule 94, T.R.C.P., to secure findings constituting a waiver as to these representations. This Crown did not do. Since Crown failed to carry its burden to secure findings of waiver as to the representations, unrelated to defects in the machinery, it is our view that contention 2 presents no

**334**

error, and that the Trial Court entered a correct judgment. See: Deaton v. Rush, Tex.Com.App., 113 Tex. 176, 252 S.W. 1025, opinion adopted; Vandervoort v. Sansom, Tex.Civ.App., W/E Ref., n. r. e., 293 S.W.2d 271.

The judgment of the Trial Court is affirmed.

WILSON, J., not participating.