**Glenn R. ROBERTS et ux., Appellants,**

**v.**

**Robert W. HOLMES, Appellee.**

**No. 4145.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 2, 1966.

Floyd Addington, Jasper, for appellants.

Barnes & Barnes, Beaumont, for appellee.

WALTER, Justice.

Robert W. Holmes filed suit against his former wife Billie J. Roberts, who is now married to Glenn R. Roberts, for damages based on fraud. Judgment was rendered that plaintiff recover one half interest in three lots and five acres of land in Hardin County and ninety shares of stock in a life insurance company and some furniture. The defendants have appealed contending

that the court erred in rendering judgment for the appellee because the jury's answers to issues one and two are against the preponderance of the evidence; because appellee's claim was barred by the four year statute of limitations, and because the judgment is against public policy. Appellants also contend the court improperly considered some agreements and stipulations and erred in overruling their motion for an instructed verdict.

Holmes alleged that while he was in the service of the United States Armed Forces the appellant Billie J. Roberts, then Billie J. Holmes his former wife, filed a suit for a divorce; that prior to the entry of a final decree she caused to be filed a waiver of citation which instrument contained the following: "I further state that the settlement proposed in said suit is satisfactory with me, and I agree with the disposition of property as set out therein." Appellee further alleged that he never saw such instrument, did not sign it and that all of the foregoing took place without his knowledge or consent. He further alleged that such property was community property; and that such conduct of the appellant amounted to fraud and as a result of such fraud he has been damaged to the extent of his undivided one-half interest in said community property.

In answer to the two special issues submitted, the jury answered that appellee did not sign the waiver of service and entry of appearance, and that the forged signature of appellee constituted the misrepresentation of a material fact.

At the outset we are confronted with a contention by appellee that some of appellants' points are not germane to any assignment of error in their motion for a new trial and are too general to merit consideration. We fail to find a subject index or a list of authorities in appellants' brief as are required by Rule 421, Texas Rules of Civil Procedure. The pages in appellants' brief are not numbered. None of appellants' points give the assignments of error

to which they are germane. From an examination of appellants' amended motion for a new trial, we find that their first two points are not germane to any assignment in said motion.

We will nevertheless consider appellants' first two points in the event we are mistaken about finding that they are not germane to any assignment of error.

Appellants' first two points are as follows:

### "FIRST POINT

The error of the trial court in entering the judgment for Plaintiff herein which recites agreements, stipulations, additional and presumed findings, other than the jury's verdict, without notice to Defendant or Defendant's counsel, because the record contains no such agreements, stipulations, additional or presumed findings.

### SECOND POINT

The error of the Trial Court in entering the Judgment for Plaintiff herein which recites agreements, stipulations, additional and presumed findings, other than the jury's verdict, without notice to Defendant or Defendants' counsel, because there is insufficient evidence in the record to sustain said findings by the Court."

The judgment provides:

"And it appearing unto the Court that the foregoing Special Issues and the answers of the Jury thereto are each and all supported by both pleadings and evidence, and that a judgment ought to be entered in accordance with said verdict; and it appearing to the Court that all other relevant matters of fact are either uncontradicted or agreed to by the parties; and it appearing therefrom that the Plaintiff, Robert W. Holmes, ought to recover of and from the Defendants, Glenn R. Roberts and his wife, Billie J. Roberts, an undivided one-half interest in and to the following described property * * *."

"And the Court finds further that all other issues have been answered as a matter of law or stipulated herein in favor of a judgment for the Plaintiff; and the Court finds further from the evidence and from the stipulations of the parties that all fact issues not presented to the jury are resolved in support of this judgment:"

Appellants contend that because only two of the elments of fraud were submitted to the jury, the remaining elements cannot be resolved by the court in support of the judgment.

 Appellee introduced his former wife's original petition in the divorce suit in evidence. She alleged therein that she and appellee accumulated, as community property during their marriage, the property here in controversy. This matter was not controverted. This evidence was direct and positive. There was no issue raised by the evidence about this matter. Two of the elements of appellee's cause of action for damages based on fraud were submitted and answered favorably to appellee. Appellants did not object to the charge because it failed to submit other elements of appellee's ground of recovery. Under such circumstances, before appellants could complain of the court's action, they had a duty to object to the charge for failing to submit the other elements of appellee's ground of recovery. Rule 279 T.R.C.P.; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, (S.Ct. 1940). We find no merit in appellants' first two points.

The appellants pleaded limitations. No issue on limitations was submitted and no request was made by appellants that the issue be submitted and no objection was made to the charge because it failed to submit an issue on limitation. This defense was therefore waived. Rule 279, T.R.C.P.

We have considered the entire record and find that the answers to issues one and two are not against the overwhelming weight and preponderance of the evidence.

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.