NO. 07-03-0183-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 16, 2005

_____

IN THE INTEREST OF C. F. C. AND M. C. C., CHILDREN
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 55,541-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before REAVIS and CAMPBELL, JJ.[1]

**MEMORANDUM OPINION**

Lynn Franklin Cowden brings this appeal from an order modifying his child support and directing payment of attorney's fees that appellee Caroline Kemper Cowden incurred in prosecuting the modification action. We affirm.

At the time of the parties' divorce in 1998, their substantial assets were divided pursuant to their agreement,[2] appellee receiving the primary residence and cash, and

---

[1] Former Chief Justice Phil Johnson was on the panel that heard oral argument. He did not participate in the decision. Tex. R. App. P. 41.1(b).

[2] The agreement provided both for division of the community property and affirmation of the separate property owned by each.

appellant receiving assets including ranch property and mineral interests. The decree named the parents joint managing conservators of their four minor children with appellee having the right to establish their primary residence. Appellant was ordered to pay child support in the amount of $2,100 per month, with reductions when each child attained the age of eighteen. When the parties' second child turned eighteen in November 2001, the support payments were reduced to $1,500 per month.

Appellee filed an action to modify the support order in July 2002. Her petition alleged a material change in the circumstances of a person affected by the court's prior support order. She sought an unspecified increase in support payments and recovery of attorney's fees. At a hearing on the motion, appellee testified an increase in support payments was warranted by the needs of the children and a substantial increase in appellant's income since the divorce. Appellant and appellee's attorney also testified. The trial court set support payments at $3,917 and found, in accordance with Section 154.130 of the Family Code, appellant's monthly net resources are at least $21,192, appellee's monthly net resources are $3,855; the support ordered is 18.5 percent of appellant's net resources, and the amount of support was based on the proven needs of the children. It also awarded appellee attorney's fees of $11,421.58 through trial, and an additional $10,000 for appeal. The court made findings of fact repeating the findings in its order and, in additional findings of fact, found the proven needs of the two minor children still at home are at least $4,576.

Appellant now presents three issues in challenge of the trial court's order. He argues first that the court erred in failing to make requested findings of fact. By his second

and third issues, appellant contends the court abused its discretion by increasing his child support to $3,917 per month, and by awarding attorney's fees of $11,421.58.

Appellant's first issue assigns error to the trial court's failure to make a requested finding of fact on the consideration it gave to expenses of the parties' two older sons who are over eighteen and attending college away from home. He requested an additional finding, and amendment of another finding, to include a statement the needs and expenses of the two older children are not relevant to the issues before the court and should not be considered in setting child support for the younger children. That request was prompted by challenged evidence of the older sons' college expenses and appellant's failure to contribute toward those expenses.

A trial court's duty to make additional findings extends only to those requested on ultimate or controlling issues. It need not make findings on issues that are merely evidentiary. *In re Davis*, 30 S.W.3d 609, 614 (Tex.App.–Texarkana 2000, no pet.); *Hill v. Hill*, 971 S.W.2d 153, 155 (Tex.App.–Amarillo 1998, no pet.). An ultimate or controlling issue of fact is one that calls for the determination of a fact essential to the cause of action or defense. *Wichita Falls & Ok. Ry. Co. v. Pepper*, 134 Tex. 360, 135 S.W.2d 79, 84 (1940), *overruled on other grounds by Burk Royalty Co. v. Walls*, 616 S.W.2d 911 (Tex. 1981); *In re Edwards,* 79 S.W.3d 88, 94-95 (Tex.App.–Texarkana 2002, no pet.). If the fact sought is necessary to form the basis of the judgment, then the issue is an ultimate or controlling one. *Pepper,* 135 S. W.2d at 84.

An evidentiary issue concerns facts that may be considered by the factfinder in deciding the controlling issue. *In re Edwards*, 79 S.W.3d at 95. *See Pepper*, 135 S.W.2d at 84 (referring to factual determinations "necessarily embraced in the determination of the ultimate fact issue"). A requested additional finding asking the court to state the evidence on which it relied for its original findings was held to be evidentiary and thus not required. *Dura-Stilts Co. v. Zachry*, 697 S.W.2d 658, 661 (Tex.App.–Houston [1st Dist.] 1985, writ ref'd n.r.e.). Appellant's requests for findings that certain evidence was not relevant to the issue of the proper level of child support were similarly evidentiary only, and the trial court did not err by refusing them. We overrule appellant's first issue.

In his second issue appellant contends the trial court abused its discretion by increasing his child support to $3,917 per month. Appellant presents two arguments in support of the second issue. He first argues the court's finding that the proven needs of the children are $4,576 is not supported by sufficient evidence.[3] A trial court is given broad discretion in setting and modifying child support payments, and absent a clear abuse of discretion, the court's order will not be disturbed on appeal. *In re D.S.*, 76 S.W.3d 512, 516 (Tex.App.–Houston [14th Dist.] 2002, no pet.). In determining whether the trial court's decision constitutes an abuse of its discretion, we review the entire record, *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996), and must view the evidence in the light most favorable to the trial court's action and indulge every legal presumption in favor of the judgment. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 578 (Tex.App.–Houston

---

[3] The trial court's findings concerning the monthly net resources of the parties are not challenged on appeal.

[1st Dist.] 1997, pet. denied). Abuse of discretion does not exist as long as there is some evidence of a substantive and probative character to support the decision. *In re C.R.O.*, 96 S.W.3d 442, 447 (Tex.App.–Amarillo 2002, pet. denied); *Nordstrom*, 965 S.W.2d at 578.

Evidence supporting the trial court's finding on the needs of the children includes an exhibit prepared by appellee listing monthly expenses incurred by or attributed to the children and her testimony concerning that exhibit and other expenses not included in the document. Appellee testified she derived the figures in the exhibit from her actual expenses, and the expenses were incurred to fulfill the children's needs. In summary, the exhibit listed $2,889 of expenses for 16-year-old Craig and $1,686 for 13-year-old Mary Caroline.[4] The difference between the children was primarily due to the inclusion of automobile expenses for Craig. $743 of each child's total was the result of attributing one third of some household expenses[5] to them.

Appellant points out that appellee's trial exhibit and testimony provided different expense figures than her discovery responses, and that the only evidence of the proven needs of the children came from appellee, an interested witness. What constitutes "needs" of a child has not been defined by statute or case law, but they are not limited to the bare necessities of life. When evaluating a child's needs, courts are to be guided by the

---

[4] The two figures total $4,575. The one-dollar difference in that total and the proven needs recited in the court's findings is not addressed in the record, and we will ignore it.

[5] These expenses included utilities, home insurance, property taxes, groceries, and maintenance.

paramount principle of seeking the best interest of the child. *Rodriguez v. Rodriguez*, 860 S.W.2d 414, 417 (Tex. 1993). Appellee's credibility and the weight to be given her testimony concerning the needs of the two children remaining at home were matters for the trial court's determination. *See In re Gonzalez*, 993 S.W.2d 147, 159-60 (Tex.App.– San Antonio 1999 pet. denied) (managing conservator in best position to explain child's needs); *Scott v. Younts*, 926 S.W.2d 415, 421 (Tex.App.–Corpus Christi 1996, writ denied) (mother in best position to explain needs of child).

Appellant also points to testimony at trial that Craig had not driven his car for several months because shortly after turning 16, he struck a parked car while intoxicated. Appellant's assertion on appeal that there is no evidence of any need for the car disregards appellee's testimony that the expenses listed on her exhibit reflected the needs of the children. While appellant testified he wanted his children to earn money to pay for such things, he did not go so far as to say the car was unnecessary.[6]

Appellant further contends many of the household expenses reflected in appellee's evidence, including the utilities, taxes and maintenance, are not needs of the children because they would be incurred even if the children did not live in the house. He offers no authority in support of that argument. We do not agree the trial court abused its discretion by permitting the attribution of such expenses to the children. *See Scott,* 926 S.W.2d at 419 n.6, 422 (affirming needs that included utilities, home repairs and taxes); *Yarbrough v. Yarbrough*, 151 S.W.3d 687, 693 (Tex.App.–Waco 2004, no pet.) (finding of needs

_____

[6] Appellant wanted Craig to be denied use of the car for at least six months following the collision. He did not testify the car should be sold.

supported "if the [trial] court considered" two-thirds of house expenses as expenses of children).

We conclude the trial court's finding of $4,576 as the proven needs of the children is supported by evidence of a substantive and probative character.[7]

Appellant's next argument in support of his second issue concerns the trial court's allocation of the responsibility to meet the found needs of the children. Section 154.126 of the Family Code is applicable where, as here, an obligor's net resources exceed $6,000 per month. Tex. Fam. Code. Ann. §154.126 (Vernon 2002). It directs a court to apply the percentage guidelines of Section 154.125 to the first $6,000 of net resources to determine a presumptively reasonable amount of support. The statute also authorizes a court to order additional support based on the income of the parties and the proven needs of the children. *Id*. Under subsection (b), the additional amount should be determined by subtracting the presumptive amount from the proven needs of the child and then allocating responsibility for meeting the additional needs between the parties according to their circumstances. *Id.*

Applied to these parties, the court was required to subtract the presumptive amount of support from the first $6,000 of appellant's net resources, here $1,500, from the proven

---

[7] Appellant also argues the trial court's finding of the children's needs is so against the great weight and preponderance of the evidence as to be manifestly unjust. To the extent this factual sufficiency standard is applicable to review of the trial court's findings concerning the proven needs of the children, *see C.R.O.*, 96 S.W.3d at 447, we do not agree that the record as a whole shows the finding to be manifestly unjust. As noted, the court's finding was based on the testimony of the children's mother concerning her actual expenses for provision of the children's needs.

total needs of $4,576. The cost of meeting the resulting additional needs is $3,076. The court was required to allocate responsibility to meet these needs between the parties "according to the circumstances of the parties." Tex. Fam. Code Ann. §154.126(b) (Vernon 2002). The court assigned appellant responsibility for $2,417, or 78.5 percent, of the additional needs. It assigned $659, or 21.4 percent, of the additional needs to appellee. The resulting total support obligation of $3,917 is 18.5 percent of appellant's net resources, while the $659 assigned to appellee is 17 percent of her net resources. We do not agree this allocation shows a clear abuse of discretion by the trial court.[8]

Appellant also reiterates his position that attribution of a share of household expenses to the children results in a windfall to appellee and was improper. Having stated our conclusion the trial court's treatment of such expenses as needs of the children was not an abuse of the court's discretion in this case, we need not further address that issue here.

Appellant finally argues additional circumstances of the parties the court should have considered, including increases in appellee's income since the divorce, her inheritance of money and mineral interests, and the cash received by appellee as part of their property settlement. But the court also had before it evidence of the substantial

---

[8] Appellant proposes an alternate allocation of the unmet needs that begins by calculating the presumptive amount appellee would have been required to pay if she had been an obligor. He cites the discussion of such a calculation in *Nordstrom*, 965 S.W.2d at 581. The court there states the trial court could have utilized such a calculation as a basis for its decision not to award additional support beyond the obligor's presumptive amount. *Id. Nordstrom* does not suggest that such a calculation is a part of the method required under Section 154.126(b), and does not provide a basis to conclude the trial court here abused its discretion by not employing it.

property awarded to appellant at divorce, and increases in his income since the divorce. Consideration of the circumstances of the parties in this well-developed record does not alter our conclusion the trial court did not abuse its discretion. We overrule appellant's second issue.

Appellant's third issue assigns error to the award of attorney's fees in the amount of $11,421.48.[9] He does not dispute the power of a court to award attorney's fees in an action of this type. *See* Tex. Fam. Code Ann. §106.002 (Vernon 2002) (authorizing award of attorney's fees under Title 5 of the Family Code, which includes Section 156.401 governing support modification). Appellant does not challenge the testimony of appellee's counsel concerning the time expended in preparation and presentation of the action, or the reasonableness or necessity of the fees charged. His contentions focus on his perceptions concerning the unfairness of the court's award of additional support and concerning appellee's motive for bringing the modification proceeding.[10] The award of attorney's fees in a suit affecting the parent-child relationship is discretionary with the trial court. *C.R.O.*, 96 S.W.3d at 452. Appellant's contentions do not show an abuse of discretion by the trial court in the award of attorney's fees. *Norris v. Norris*, 56 S.W.3d 333, 346 (Tex.App.–El Paso 2001, no pet.) (contention that mother who prevailed on her motion to modify should

---

[9] This amount was awarded through trial. We do not construe appellant's challenge as applicable to the additional amounts awarded for appeal to this court or the Texas Supreme Court.

[10] Appellant says appellee brought the modification action to punish him for not contributing to the college education of the older children. But appellant has not challenged in this court the existence of the material and substantial change in circumstances required by Section 156.401.

not have prevailed did not demonstrate abuse of discretion in attorney's fee award).  We overrule appellant's third issue

Having overruled each of appellant's issues, we affirm the judgment of the trial court.


James T. Campbell
Justice