## G. H. BEAVERS v. IDA M. LOONEY ET AL.

No. 6396. Decided October 2, 1935.
Rehearing overruled October 30, 1935.
(85 S. W., 2d Series, 1046.)

*Ross, Ross & Alexander,* and *Ben L. Bird,* of Fort Worth, for plaintiff in error G. H. Beavers, *J. D. Brookerson,* of Benjamin, for plaintiff in error C. R. Elliott, sheriff, and *Seay, Seay, Malone & Lipscomb,* of Dallas, for plaintiff in error United States Fidelity & Guaranty Company.

It was error for the Court of Civil Appeals to reverse and remand this case because the trial court did not define the term "fairly made," in its charge. Texas & N. O. Ry. Co. v. Martin, 32 S. W. (2d) 363; Interstate Co. v. McCabe, 285 S. W., 920; Blumrosen v. Burke, 37 S. W. (2d) 1071; Dallas Ry. & Term. Co. v. Bankston, 33 S. W. (2d) 500; Robertson v. Holden (Com. App.), 1 S. W. (2d) 570.

*Marvin H. Brown, Jr., M. Hendricks Brown,* and *J. Rob. Griffin,* all of Fort Worth, for defendants in error.

The verdict of the jury having established a gross irregularity at the sale and that the land was sold for an inadequate price, and the undisputed facts being that the irregularity produced the inadequate price, the Court of Civil Appeals should have reversed the judgment of the trial court and rendered judgment for plaintiff in error, setting aside the sale. Kaufman & Runge v. Morriss, 60 Texas, 119; Johnson v. Crawl, 55 Texas, 571; Foor v. Mechanics Bank & Trust Co., 144 Ky., 682, 139 S. W., 840.

MR: JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by Mrs. Ida M. Looney, joined by her husband, to set aside a deed made by the sheriff of Knox County to Dr. G. H. Beavers, conveying certain lands situated in Knox County. The deed was executed in pursuance of a sale made by virtue of an execution on a judgment held by Mrs. Looney against Ada R. Wilkinson and others, rendered in the District Court of Tarrant County. The judgment debtors intervened in the suit and also sought to set aside the sale. They adopted the pleadings of the plaintiffs. Dr. Beavers, the sheriff, C. R. Elliott, and the surety on his official bond, were defendants. The parties will be designated as in the trial court. Relief was denied the plaintiffs and intervenors in the district court, but on appeal the judgment was reversed and remanded by the Court of Civil Appeals, solely upon the ground that the trial court had failed to define the term "fairly made," contained in a special issue which was submitted to the jury. A full statement of all material facts

may be found in the opinion by the Court of Civil Appeals reported in 52 S. W. (2d) 949.

Plaintiffs and intervenors in their pleading set up three grounds for setting aside the sheriff's deed. They were briefly as follows:

1. That plaintiffs by their agent and attorney, made the highest bid for the property, in this, that defendant Beavers, bid the sum of $2,200.00, while their agent and attorney bid the sum of $2,300.00, which was the highest and best bid, and the property should have been struck off to them.

2. That there was collusion between the sheriff and the defendant Beavers as a result of which the property was knocked off to the defendant.

3. An alternative plea to the effect that at the time the sheriff declared the bids closed the attorney for plaintiffs believed that he had made the last and highest bid, and that after the sheriff had declared the bids closed and had announced that the property had been sold to Dr. Beavers, plaintiffs' attorney requested the sheriff to re-open the bids and allow him to bid further; which request was refused by the sheriff.

The attorney for plaintiffs among other things testified as follows:

"* * * I testified this morning that my best recollection was that I bid $2200, and that that was the last bid I made. I do not claim that I ever bid $2300, except as I have stated; that is, if he bid $2200 that my bid was the last bid."

There was no request for the submission of any issue as to whether or not plaintiffs' attorney bid as much as $2300, after Dr. Beavers made his bid of $2,200.00, and it is evident that the first ground relied upon for setting aside the sale was without merit.

The trial court submitted to the jury an issue as to whether or not there was collusion between the sheriff and defendant Beavers, and the jury answered this issue: "No." This finding of the jury is not brought into the question, and therefore the second ground relied upon for setting aside the sale was settled against plaintiffs and intervenors.

This leaves only the alternative allegation to be considered. The trial court submitted to the jury the following question:

"Do you find from a preponderance of the evidence that the sale of the property in question was not fairly made by the sheriff?" To which question the jury answered, "No."

The only claim (other than those disposed of above) made

by plaintiffs that the sale was not fairly made, was the one set forth in the alternative pleading to the effect that plaintiffs' attorney believed that he had made the highest and last bid for the property, and under such belief allowed the land to be struck off to Dr. Beavers, who in fact had made the highest bid, and that the sheriff acted unfairly in failing to re-open the bidding and allow plaintiffs' attorney to make additional bids. We have carefully read the entire statement of facts and find that the undisputed proof as a whole shows as follows:

That the attorney for plaintiffs on the one part and Dr. Beavers on the other became competitive bidders at the sale; that plaintiffs' attorney bid as much as $2,100.00, whereupon the sheriff looked at Dr. Beavers and asked if he would make it $2,200.00; that thereupon Dr. Beavers nodded and also spoke his assent, and the sheriff then inquired if there were further bidders; that no further bids were made, and whereupon the sheriff, after the usual announcements, declared the property sold. Plaintiffs' attorney then inquired to know if the sale had been made to the plaintiffs, and the sheriff stated that it had been made to Dr. Beavers. Immediately thereafter plaintiffs' attorney requested that the bidding be re-opened, and the sheriff refused to comply with this request, stating that the property had been sold to Dr. Beavers for $2,200.00, because he was the last and highest bidder. The jury found that at the time of the sale the property was of the reasonable market value of $4,980.00. It is undisputed that there were delinquent taxes against the land at the time of the sale amounting to $378.42, and taxes for the year 1930 were partly accrued.

The gist of plaintiffs' whole contention is, that as the jury found that the reasonable market value of the land was substantially more than the amount of Dr. Beavers' bid, and further found that immediately after the sheriff announced that the land had been sold to Dr. Beavers plaintiffs' attorney requested the sheriff to re-open the sale, which request was denied, it is shown as a matter of law that the sale was not fairly made, and should have been set aside. We cannot agree with this contention. It is evident from the undisputed proof that the sale within itself was properly conducted; that Dr. Beavers was the last and highest bidder and that the sheriff knocked off the property to him. In fairness to plaintiffs' attorney it may be said that it is obvious that he was laboring under some misapprehension or mistake, but it is apparent

that the sheriff and Dr. Beavers were not responsible for his failure to bid further on the property, and acted fairly in the matter of concluding the sale. It cannot be held that the failure of the sheriff to re-open the sale after formally closing the same in order to permit further bidding, solely on account of a misapprehension on the part of plaintiffs' attorney, was such irregularity as authorizes a setting aside of the sale and annulling the deed. This is the only ground urged to show that the sale was not fairly made, and we are of the opinion that as a matter of law the failure of the trial court to define the term "fairly made" in the issue submitted to the jury becomes immaterial. We do not wish to be understood, however, as holding that this was necessary, as the question need not be decided.

The judgment of the Court of Civil Appeals is hereby set aside and the judgment of the district court is in all things affirmed.

Opinion adopted by Supreme Court October 2, 1935.