**WILLARD v. WHITAKER et al.**

No. 5318.

Court of Civil Appeals of Texas. Amarillo.

June 16, 1941.

Rehearing Denied Sept. 8, 1941.

Randal & Kilpatrick, of Lubbock, for appellant.

Geo. W. McCleskey and Nelson & Brown, all of Lubbock, for appellee E. C. Davis.

Burton G. Hackney, of Brownfield, for appellee C. D. Gore.

JACKSON, Chief Justice.

Nelson W. Willard, as plaintiff in Cause No. 2071 in the District Court of Terry County, instituted suit April 16, 1936, on certain notes the payment of which was secured by a vendor's lien and also a deed of trust lien on the SE¼ of Section 77 in Block DD, Terry County, Texas. He named as defendants in his petition R. E. Whitaker and her husband, J. T. Whitaker, H. B. McBride, W. M. Crow, A. C. Crow, Walter F. Schenck and E. H. Thomas.

Walter F. Schenck disclaimed; R. E. Whitaker, J. T. Whitaker and A. B. McBride defaulted, but the defendants W. M. Crow, A. C. Crow and E. H. Thomas answered and at the trial defended the suit.

The plaintiff on September 18, 1936, obtained a judgment against W. M. Crow for the sum of $3,167.47 with interest, and the foreclosure of his liens on the above described land against W. M. Crow, A. C.

Crow, R. E. Whitaker, J. T. Whitaker, H. B. McBride and E. H. Thomas. The clerk was directed to issue an order of sale to the sheriff or any constable of Terry County commanding that the land be sold as under execution with instructions for the application of the proceeds of the sale.

W. M. Crow, A. C. Crow and ·E. H. Thomas, without superseding the judgment but by filing an appeal bond which was approved, perfected an appeal to this court. The judgment of the trial court was reversed and the cause remanded in an opinion reported in Crow v. Willard, Tex.Civ. App., 110 S.W.2d 161. The mandate was issued by the clerk of this court on November 18, 1937, and was filed.in the District Court of Terry County by the clerk thereof on November 23rd thereafter.

On November 21, 1936, while the appeal was pending, at the request of the attorney for the plaintiff the clerk of the trial court issued an order of sale, delivered it to Jess Smith, the sheriff of said county, who advertised the property for sale and on January 5, 1937, C. D. Gore, who succeeded Jess Smith as sheriff on January 1, 1937, sold the property to Dr. E. C. Davis for $150 and executed to him a deed therefor. The sale was made at 10:40 A. M. Central Standard Time and in approximately five minutes thereafter the attorney of the plaintiff arrived at the court house in Terry County and on inquiry was informed that the land had been sold to E. C. Davis and the consideration paid. The attorney immediately sought the sheriff, C. D. Gore, E. C. Davis, the purchaser, Mr. Crow, his attorney, Mr. Schenck, and perhaps others, whom he advised that the sale was invalid giving his reasons for such contention and requested the sheriff to resell the land so he would have an opportunity to bid thereon for his client and informed the sheriff and the others that the price paid was grossly inadequate and he would bid not less than $2,000 if the property was resold. When his request was refused, he on the same day about 2 o'clock P. M. filed Cause No. 2145 in the District Court of Terry County against Dr. E. C. Davis and C. D. Gore to set aside the sale. Cause No. 2145 by order of the district judge was consolidated with Cause No. 2071 and all parties who desired filed amended pleadings under the last number. In a second amended original petition after pleading his cause of action for debt and the foreclosure of his lien substantially as

he did originally the plaintiff alleged certain facts and circumstances upon which he claimed the sheriff's sale to E. C. Davis should be set aside. He alleged in brief that the sale of the property at 10:40 A. M. Central Standard Time was not within the hours prescribed by statute; that the price was grossly inadequate; that the sale was at the request of Mr. Schenck, the attorney for Crow, and earlier than had been customary in Terry County; that the attorney of plaintiff had notified the former sheriff, Jess Smith, on December the 18th that he expected to be present at the sale and bid on the land but that the sale, notwithstanding this, was made prior to his arrival; that he was not notified at what specific hour the sale would be had though the parties knew that the attorney expected to be present; that W. F. Schenck stated publicly at the sale that the judgment under which the execution sale was being had was then in the appellate court for review; that the purchaser would buy a law suit; that the plaintiff is informed, believes and alleges that C. D. Gore, W. F. Schenck, A. C. Crow and E. C. Davis formed a conspiracy to sell the property before the plaintiff's attorney reached the court house, stifle bidding and prevent the property from selling for a reasonable price which was $3,500; that because of the fraud, bad faith and conspiracy alleged the defendants C. D. Gore and E. C. Davis had damaged plaintiff in the sum of $3,-500 for which they were liable and for which he sued. The prayer was for judgment against the defendants for the debt evidenced by the notes, the interest paid the State and delinquent taxes and foreclosure of his liens; that the execution sale be set aside and if not entitled to have the sale held invalid and his liens foreclosed, that he recover judgment against C. D. Gore and E. C. Davis for the sum of $3,500 and cost.

The defendant C. D. Gore, the sheriff, answered by general demurrer, special exceptions and general denial.

E. C. Davis as cross-defendant and intervener answered by general demurrer, special exceptions, general and special denials; alleged that the absence or the failure of plaintiff or his attorney to be present at the execution sale was not caused by any conspiracy or conduct of the cross-defendant and intervener but was due solely to the negligence of himself and his attorney hence plaintiff is estopped from having the sale and sheriff's deed set aside. E. C. Davis also alleged the validity of the sale and in his cross-action pleaded a suit in trespass to try title against the plaintiff and the other defendants.

W. M. Crow and A. C. Crow answered, contested the validity of the plaintiff's debt and also the validity of the title of E. C. Davis and sought to recover the land under an action in trespass to try title.

The other defendants defaulted, and in view of the questions presented for consideration on this appeal we consider it unnecessary to make an extended statement of the pleadings of W. M. and A. C. Crow.

In obedience to a peremptory instruction, the jury returned a verdict that the plaintiff take nothing against the sheriff, C. D. Gore, and judgment was rendered that he go hence with his cost.

In response to special issues submitted by the court, the jury found in effect that the execution sale was not made before the ordinary time of making such sales in Terry county; that the hour of the sale did not cause the property to sell for less than it would have otherwise; that the reasonable cash market value of the property on January 5, 1937, was $2,400; that W. F. Schenck, the attorney of the Crows, said in substance at the trial that the title of the property was in litigation and that whoever bought it would not get a clear title; that such statement, however, did not cause the property to sell for less than it otherwise would; that the name of Thomas C. Spearman was not stamped out in notes Nos. 1 to 6 and the name of Nelson W. Willard stamped thereon by R. E. Whitaker; that E. C. Davis paid the sheriff for the land at 1:00 P. M. on January 5, 1937; that there was no understanding between Crow or his attorney and E. C. Davis at the time of or prior to the sale of the property to the effect that the sale should be held before the attorney for Nelson W. Willard arrived for the purpose of stifling bidding; that the property in controversy did not sell for a grossly inadequate price.

On these findings judgment was rendered that plaintiff Nelson W. Willard recover from W. M. Crow the sum of $3215.93 with a foreclosure of the liens on the property involved as to all the defendants except E. C. Davis and C. D. Gore and that the plaintiff take nothing against. C. D. Gore; that the defendant E. C. Davis

have judgment against Nelson W. Willard and the defendants W. M. and A. C. Crow for title and possession of the land and premises in controversy and that the said plaintiff and said defendants take nothing by reason of their suit against E. C. Davis; that Nelson W. Willard, W. M. Crow and A. C. Crow be and are denied any recovery against E. C. Davis and that the title to the land be vested in E. C. Davis and he recover from Nelson W. Willard all the cost he incurred.

An appeal was prosecuted by the plaintiff Nelson W. Willard and the judgment in favor of E. C. Davis and C. D. Gore is before us for review.

The appellant assigns as error the action of the court in refusing to direct a verdict in his behalf claiming that under the law and the testimony there was no fact issue to be submitted to the jury.

The testimony shows without controversy that the sale was made at 10:40 A. M. Central Standard Time on January 5, 1937; that the consideration paid by the purchaser was $150; that the sale was made before 10 o'clock A. M. sun time; that W. F. Schenck, the attorney for the defendants Crow requested the sheriff to sell the property as early after 10 o'clock as was convenient as he had another engagement that required his attention; that W. F. Schenck stated at the sale the property was in litigation and whoever purchased it would not get a clear title; that the sale was made before the attorney for the plaintiff arrived.

Before considering the other facts alleged by the appellant as a basis for setting aside the sale and sheriff's deed, we desire to dispose of some of the legal contentions urged by the appellant to warrant a directed verdict in his behalf.

The appellant claims that inasmuch as the testimony shows without dispute that the sale was not made between the hours of 10:00 A.M. and 4:00 P.M. sun time but was made at 10:40 A.M. Central Standard time, the sale was invalid and as a matter of law should be set aside.

The original notes sued on in this case were dated December 1, 1923. The notes recited that the deed retaining the vendor's lien was made the same day. The deed of trust bears the same date. The notes and liens were extended to January 20, 1926, and on November 30, 1927, were again ex-

tended so as to mature on December 1, 1933, and December 1, 1934. These undisputed facts, in our opinion, render this contention untenable under the holding of Commissioner Smedley in McFarlane et al. v. Whitney, 134 Tex. 394, 134 S.W.2d 1047.

The appellant asserts that his attorney notified Sheriff Smith on December 18, 1936, that the attorney expected to be present at the sale and C. D. Gore who on January 1, 1937, became Smith's successor held the sale at 10:40 A.M. before the attorney arrived in violation of what he says had theretofore been the custom in Terry County, failed to notify the attorney of the specific hour of the sale or wait until he could arrive and the sale was under these facts invalid as a matter of law and should be held for naught.

There is no proof that C. D. Gore knew of such custom and we are of the opinion that such custom, if it existed, would not supersede the statute. Article 3804, Vernon's Annotated Texas Civil Statutes. The lady in the sheriff's office whom the attorney claims to have advised that he expected to be present at the sale affirmatively contradicts such statement. Whether such advice was given was a controverted issue and since not submitted to the jury by the court and not requested by appellant the court was authorized and is presumed to have determined such issue in support of his judgment. Wichita Falls & Oklahoma Ry. Co. et al. v. Pepper, 134 Tex. 360, 135 S.W.2d 79. These contentions, in our opinion, have been settled adversely to appellant.

In Randerson et al. v. Dallas Joint Stock Land Bank of Dallas, Tex.Com.App., 147 S.W.2d 769, 771, the Supreme Court speaking through Commissioner Smedley says: "As is apparent from the motion, the gist of defendant in error's complaint is that the sheriff made fraudulent sales of the several tracts of land by selling them for nominal considerations at 11 o'clock after having promised and agreed that the sales would be made at 11:30 o'clock thus selling the property in the absence of defendant in error's agent, who, had he been present, would have bid the full value. Since, according to the allegations of the motion, the sales were made at 11 o'clock, it does not appear from the motion that, as far as time is concerned, the sales were made otherwise than in the manner prescribed by the statute. There was a violation of the

promise or agreement but not a departure from the provisions of the statute."

■ Under the implied finding of the court in the instant case, there was no agreement by the sheriff to notify the appellant or his attorney or to delay the sale and no request from appellant or his attorney to the sheriff that the sale be delayed until one or both of them could arrive at the county seat of Terry County.

■ The appellant urges as error the action of the court in submitting to the jury whether or not the property sold for a grossly inadequate price contending that this was a question of law and if not the finding of the jury to the effect that the price was not grossly inadequate was entirely without support in the testimony. The appellant introduced a witness who was the agent for the Oil Development Company of Texas which the record reveals was the owner of the notes sued on and the successor to the Nelson W. Willard business who testified that in his opinion the land involved was worth $25 an acre, however, this witness was interested and was giving expert testimony which was admissible but which the jurors were not required to accept as conclusive. Texas Employers' Ins. Ass'n v. Humphrey, Tex.Civ.App., 140 S.W.2d 313, writ refused. The evidence shows that the improvements on this property were badly in need of repair; that the farm had been worked indifferently; that a part of the land was tight land and part sandy. There was an indebtedness due the State of $640 against this quarter section together with accumulated interest thereon, the independent school district taxes had not been paid since 1935 and the state and county taxes had not been paid since 1932. The jury found that the market value of the property on January 5, 1937, was $2,400. The title to the property was in litigation and under this record we do not feel warranted in holding as a matter of law that the consideration paid at the sale was grossly inadequate. That it was a jury question is apparently settled by the following authorities: Baker v. Clepper, 26 Tex. 629, 84 Am.Dec. 591; Gregg v. First Nat. Bank in Brownsville et al., Tex.Com.App., 26 S.W.2d 179; Beavers v. Looney et al., 126 Tex. 125, 85 S.W.2d 1046; 18 Tex.Jur. 706, para. 140.

■ The testimony shows without dispute that Dr. E. C. Davis, the purchaser of the property, was advised before reaching the court house where the sale was being had that the property was situated in the southwestern part of the county; that this was the first information he had about the land or the sale; that he did not know Mr. Schenck, A. C. Crow or W. M. Crow and never talked to either of them about the property prior to the execution sale; that he never had any conversation or conferences with Mr. Gore relative to bidding on the property; that he made two bids the last of which was for $150; that neither the sheriff nor Mr. Davis had any interest in the property or entered into any conspiracy with each other or with anyone else as to the time of the sale, as to the value of the property or the amount to be bid; that Mr. Schenck requested the sheriff to offer the property for sale as soon after 10 o'clock as convenient because he had another engagement which demanded his attention; that there was other property sold under execution by the sheriff that day before the sale of the land in controversy. These facts we think amply sufficient to justify the finding of the jury that there was no fraudulent conspiracy between the Crows, their attorney Schenck and E. C. Davis, or any of them, at the time of or prior to the sale to the effect that the property should be sold before the attorney of Nelson W. Willard arrived with the intention of stifling bidding at the sale. The issue eliciting this finding was not objected to and eliminates the fraudulent understanding and conspiracy charged and the court did not commit error in refusing appellant's requested peremptory instruction nor in directing a verdict for the sheriff.

The appellant also assails as error the action of the court in submitting issues to the jury because of the insufficiency of the evidence to present any fact question. What we have said we think sufficient to dispose of this contention.

The appellant assigns as error the action of the court in refusing to submit to the jury three special issues which he requested. The substance of requested issue No. 1 was whether the statement of Schenck at the sale about the title and the early hour of the sale caused the property to sell for less than it would otherwise; of the second whether E. C. Davis bought the property for speculation; and the third whether the failure to strike the name of Thomas C. Spearman and insert the name of Nelson

W. Willard in note No. 7 was a mutual mistake. It will be noted that the first special issue requested was contained in the court's main charge; that the third special issue requested related to the controversy between the appellant and the defendants W. M. Crow and A. C. Crow and had no reference to the controversy between appellant and defendants E. C. Davis and C. D. Gore. In our opinion the second special issue as to whether E. C. Davis purchased the property for speculation was wholly immaterial.

The record discloses that these three issues were presented to the court on one piece of paper or en masse.

In the case of Indemnity Co. of America v. Slade, Tex.Civ.App., 4 S.W.2d 649, 651, writ refused, the lamented Chief Justice Hall, speaking for this court, said: "The refusal of the trial court to submit several special issues will not be reviewed, where all of such issues are written on one sheet of paper or document signed but once by counsel, where one or more of them is submitted in the court's general charge, or is not a proper issue. Ater v. Ellis (Tex. Civ.App.) 227 S.W. 222; White v. Bell (Tex.Civ.App.) 242 S.W. [1082] 1083; McBurnett v. Smith (Tex.Civ.App.) 286 S.W. [599] 600; Hall v. Johnson (Tex.Civ. App.) 225 S.W. [1110] 1111."

See also Southern Underwriters v. Kelly, Tex.Civ.App., 110 S.W.2d 153; 41 Tex.Jur. 1048, para. 244.

The appellant also assigns as error the action of the court in calling the attention of the jury, when the verdict was returned, to the fact that the answers to special issues Nos. 1 and 2 were in conflict and requesting that they retire for further consideration in an effort to eliminate the conflict. The record discloses that these answers were at the time irreconcilable, and without setting out at length what transpired between the court and the jury in open court, it is our opinion that this assignment does not present reversible error under the following authority: Dallas Railway & Terminal Co. v. Starling, 130 Tex. 379, 110 S.W.2d 557, and the cases therein cited.

The execution sale was had on January 5, 1937, the consideration paid, the deed of the sheriff made and delivered to the purchaser and recorded that same day. If there was a conspiracy, as appellant alleged, it had terminated and any testimony relative to conversations, acts or conduct of one of the alleged conspirators after the conspiracy was accomplished out of the presence of the others was not admissible. The law is that acts or declarations made before the formation of a conspiracy or after the object of the conspiracy is accomplished is not admissible unless so closely connected with the accomplishment as to form a part of the res gestae. 9 Tex.Jur. 402, para. 22; Hoad et al. v. Aritex Oil Co., Tex.Civ.App., 243 S.W. 490.

What we have said we think sufficient to dispose of all errors assigned by appellant.

The appellant's brief is 58 pages in length and contains 16 propositions, but he failed to place therein a subject index or an index of the authorities. The Revised Briefing Rules of the Courts of Civil Appeals now in effect in No. 35 provides: "Every brief, of either party, of more than twenty pages shall contain on its front flyleaves a subject index with page references, showing clearly where the different features of the brief, the different propositions, the statements from the record in relation thereto and the argument thereon, and the assignments of error may be found. The index shall contain also a list of all cases and authorities referred to in the brief, alphabetically arranged, together with references to the pages of the brief where they are cited."

The failure to comply with this rule places on the court the burden of examining the entire brief to determine what errors are contained in the propositions, on what page such propositions, the argument and authorities are to be found and adds unnecessarily to the labor of the court.

The judgment is affirmed.