**Sivela Jane WHEDON, Appellant,**

v.

**Charles R. CRAVENS, Jr., et al., Appellees.**

**No. 17503.**

Court of Civil Appeals of Texas, Dallas.

Oct. 23, 1970.

Rehearing Denied Nov. 20, 1970.

In her first point of error she says there was sufficient evidence to raise the issue of conspiracy, and in her second and third points of error she complains of the exclusion by the trial court of all her proffered evidence of transactions subsequent to the foreclosure sale, contending that this evidence was admissible as pertinent to the issue of conspiracy.

■ Actionable conspiracy is defined as "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means," and it is said that "the gist of a civil conspiracy is the damage resulting from commission of a wrong which injures another, and not the conspiracy itself." Schlumberger Well Sur. Corp. v. Nortex Oil & G. Corp., 435 S.W.2d 854, 856 (Tex. 1968).

Appellant does not question the regularity of the foreclosure proceedings and admits that approximately two months after the foreclosure the bank which held her note wrote to her and gave her an opportunity to redeem the property by paying the balance of the indebtedness. There was no evidence that any of the alleged conspirators combined with any of the others to commit any unlawful act resulting in harm to appellant, or that they combined to use any unlawful means to accomplish the foreclosure.

Wm. C. Odeneal, Jr., Odeneal & Odeneal, Dallas, for appellant.

Timothy E. Kelley, John A. Mackintosh, Jr., Thompson, Knight, Simmons & Bullion, Earl Bentley, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellees.

BATEMAN, Justice.

Appellant sued to set aside a foreclosure sale of her real property; also to recover title and possession of the property and for damages. Two grounds were alleged: (1) that she was not in default in payment of the secured indebtedness at the time of foreclosure, and (2) the foreclosure was had pursuant to a wrongful and illegal conspiracy between the appellees and others. When appellant rested her case the trial court instructed a verdict in favor of all appellees and rendered judgment that appellant take nothing. Appellant abandoned the first alleged ground and bases her appeal solely on the charge of conspiracy.

■ It appears from the undisputed evidence that appellant was in default in payment of her note; that the bank did only what it had a lawful right to do; i. e., institute foreclosure proceedings pursuant to the terms and conditions of the deed of trust; that the sale was properly held; that approximately two months after the sale appellant was given the opportunity to redeem the property by paying what she owed, but that she declined to do so.

We have carefully examined the excluded evidence, as reflected by appellant's bill of exceptions, consisting only of state-

ments and actions of certain of the alleged conspirators occurring after the foreclosure, and find nothing therein which, if it had been admitted, would even tend to establish the alleged conspiracy. As said in Willard v. Whitaker, 153 S.W.2d 878, 883 (Tex.Civ.App., Amarillo 1941, writ ref'd w. o. m.) :

"The law is that acts or declarations made before the formation of a conspiracy or after the object of the conspiracy is accomplished is not admissible unless so closely connected with the accomplishment as to form a part of the res gestae."

See also Hoad v. Aritex Oil Co., 243 S.W. 490, 495 (Tex.Civ.App., El Paso 1922, writ dism'd w. o. j.) ; and 12 Tex.Jur.2d Conspiracy, § 21, p. 342.

Affirmed.